THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| KELLY T., <br><br>        Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZI, <br>**Acting Commissioner of Social Security,** <br><br>        Defendant. | MEMORANDUM DECISION <br>AND ORDER <br><br><br><br>Case No. 2:23-cv-00126-JCB <br><br><br>Magistrate Judge Jared C. Bennett |

      Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Plaintiff Kelly T.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff is not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[2] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's arguments on appeal fail because there are jobs that exist in sufficient numbers in the national economy that Plaintiff can perform considering her RFC. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 7.

[2] 42 U.S.C. §§ 401-434.

**PROCEDURAL BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB in March 2020.[3] Plaintiff's application was denied initially[4] and upon reconsideration.[5] On May 23, 2022, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").[6] The ALJ issued a written decision on June 30, 2022, denying Plaintiff's claim for DIB.[7] Plaintiff appealed the adverse ruling, and, on December 19, 2022, the Appeals Council denied her appeal,[8] making the ALJ's decision final for purposes of judicial review.[9] On February 17, 2023, Plaintiff filed her complaint in this case seeking judicial review of the Commissioner's final decision.[10]

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[11] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[12] "Substantial evidence is such relevant evidence as a reasonable mind

---

[3] ECF No. 8, Administrative Record ("AR ____") 188-94.//
[4] AR 89, 104-09.//
[5] AR 90, 111-15.//
[6] AR 34-61.//
[7] AR 14-33.//
[8] AR 1-8.//
[9] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.//
[10] ECF No. 1.//
[11] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).//
[12] 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[13] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[14] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[15]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[16] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[17]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[18]

---

[13] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[14] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[15] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[16] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[17] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[18] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[19] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[20] Before considering step four, however, the ALJ must determine the claimant's RFC.[21] An individual's RFC is her greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments.[22] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[23]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[24] "If the claimant is able to perform [her] previous work, [she] is not disabled."[25] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[26]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[27] The decision maker must determine "whether the

---

[19] 20 C.F.R. § 404.1525(a); *see also* 20 C.F.R. § 404.1520(a)(4)(iii).
[20] *Williams*, 844 F.2d at 751.
[21] 20 C.F.R. § 404.1520(e).
[22] *Id*. § 404.1545(a)(1), (b)-(c).
[23] *Id*. § 404.1545(a)(2).
[24] *Id*. § 404.1520(a)(4)(iv).
[25] *Williams*, 844 F.2d at 751.
[26] *Id*.
[27] *Id*.

4

claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[28] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[29] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[30]

ANALYSIS

I. **There Are Jobs That Exist in Sufficient Numbers in the National Economy That Plaintiff Can Perform Considering Her RFC, Which Precludes a Finding of Disability.**

The ALJ appropriately determined that Plaintiff is not disabled because there are jobs that exist in sufficient numbers in the national economy that Plaintiff can perform considering Plaintiff's RFC. At step five, the Commissioner bore the burden of proving that Plaintiff "has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[31] Commensurate with this burden, the ALJ determined that Plaintiff's RFC, age, education, and work experience allowed her to work in one of the following occupations: (1) bakery worker, (2) cashier, (3) price marker/checker, (4) laundry worker, and (5) mail sorter.[32] Plaintiff contends that none of those jobs is consistent with the ALJ's RFC determination. For example, as to job (1), Plaintiff argues that her RFC does not allow her to work around dangerous machinery, but the description of bakery worker in the Dictionary of

---

[28] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[29] 20 C.F.R. § 404.1520(a)(4)(v).

[30] *Id.*

[31] *Williams*, 844 F.2d at 751 (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[32] AR 26-28.

Occupational Titles contradictorily requires that type of work. Additionally, for jobs (2)-(5), Plaintiff contends that the level of education required for each exceeds the educational limitations in her RFC. As shown below, even if the court assumes without deciding that the ALJ erred as to jobs (1), (2), and (5): (A) the ALJ appropriately determined that jobs (3) and (4) were within Plaintiff's RFC; and (B) because jobs (3) and (4) exist in sufficient numbers in the national economy, any error by the ALJ is harmless.

    A.  <u>The ALJ Appropriately Determined That Plaintiff Can Perform the Jobs of Price Marker/Checker and Laundry Worker</u>.

Even if the court assumes without deciding that the ALJ erred as to three out of the five jobs he determined that Plaintiff can perform, the ALJ appropriately determined that Plaintiff can serve as a price marker/checker and as a laundry worker because those two jobs are consistent with Plaintiff's RFC and other required considerations. Among other things, the ALJ determined that Plaintiff's RFC allowed her to perform "simple work."[33] Price marker/checker and laundry worker are both jobs that qualify as "simple work." To speak more technically in terms of Social Security parlance, numerous courts—including the Tenth Circuit and this court—have concluded that "simple work" reasonably equates to a General Educational Development reasoning level of 2 under the Commissioner's criteria.[34]

---

[33] AR 22.

[34] *See, e.g.*, *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) (concluding that an RFC allowing a plaintiff to perform simple and routine work tasks was suited to a reasoning level of 2); *Cassandra B. v. Kijakazi*, No. 2:21-cv-00228-JCB, 2022 WL 1202752, at *6 (D. Utah April 22, 2022) (concluding that an RFC allowing a plaintiff to perform simple tasks encompassed a reasoning level of 2).

The fact that "simple tasks" encompass a reasoning level of 2 is significant here. The *only* objection that Plaintiff raises against the determination that she can perform the jobs of price marker/checker and laundry worker is that a reasoning level of 2 is too high for the "simple work" designation in the ALJ's RFC determination. However, as a matter of law, that objection is inaccurate. Consequently, the jobs of price marker/checker and laundry worker are jobs that Plaintiff can perform according to her RFC and the other regulatory requirements that the ALJ appropriately considered.

> B. Because the Price Marker/Checker and Laundry Worker Jobs Exist in Sufficient Numbers in the National Economy, Any Error the ALJ May Have Made in Considering Other Jobs Is Harmless.

Even if three of the five jobs that the ALJ determined Plaintiff can perform were inconsistent with her RFC, such error was harmless because the two other jobs the ALJ determined Plaintiff can perform exist in sufficient numbers in the national economy, which precludes a disability finding. Indeed, the Tenth Circuit has concluded that harmless error exists where, as here, at least two of several jobs that the ALJ determined were within a plaintiff's RFC existed in sufficient numbers in the national economy.[35] This was because harmless error applies where "no reasonable factfinder could have resolved the factual matter any other way."[36]

The 688,000 jobs available in the national economy for the price marker/checker job and the laundry worker job preclude any reasonable factfinder from determining that the

---

[35] *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013) (holding that even if the ALJ erred in determining that the plaintiff could perform certain jobs, the ALJ appropriately determined that the plaintiff could perform two jobs that existed in sufficient numbers in the national economy, which precluded a disability finding).

[36] *Id.*

aforementioned number of jobs is insufficient in the national economy to entertain a disability finding. Although the Tenth Circuit has not provided a specific, bright-line number of jobs that constitute a sufficient number in the national economy to preclude a disability finding, it has stated that the harmless error number could be between 100 and 152,000.[37] Even though the harmless error inquiry based on the number of jobs in the national economy can be nuanced,[38] a number like 688,000 obliterates nuance and easily allows any reasonable factfinder to determine that jobs in those quantities are sufficient in the national economy to preclude a finding of disability. Consequently, even if the ALJ's determination of the jobs that Plaintiff can perform based on her RFC was only 40% correct, that is more than enough here to count the 60% error rate as harmless.

## CONCLUSION AND ORDER

As demonstrated above, Plaintiff's arguments on appeal fail. Therefore, the court HEREBY ORDERS that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 14th day of November 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[37] *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016).

[38] *See, e.g.*, *Margaret G. v. Kijakazi*, No. 2:23-CV-00169-TS-JCB, 2023 WL 7353755, at *5 (D. Utah Oct. 12, 2023), *report and recommendation adopted sub nom.*, *Margaret G. v. Kijakazi*, No. 2:23-cv-169 TS-JCB, 2023 WL 7343589 (D. Utah Nov. 7, 2023).